IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CAREY A FORTSON, | : |
| | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:14-cv-101-CDL |
| | : |
| JAMES LARRY STINE, | : |
| | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

On November 5, 2014, Plaintiff filed this action against Defendant James Stine, an attorney, purporting to state a claim under Title 18, United States Code Section 1028 based upon actions taken in a previous case filed in this Court. Along with the filing of his Complaint, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP") in this action (ECF No. 2). For the reasons discussed below, Plaintiff's motion to proceed IFP is granted. Because the Court finds that it lacks subject matter jurisdiction over the Complaint, it is recommended that Plaintiff's claims be dismissed.

## BACKGROUND

Plaintiff filed his Complaint on November 5, 2014, alleging that Defendant,[1] who represented the defendant former employer of Plaintiff in the previous case, "committed fraud when he introduce[d] the photograph as Exhibit '3' because there was only one

---

[1] Plaintiff also refers to "Attorneys at Law" as a defendant in this case. It is unclear whether Plaintiff purports to sue James L. Stine individually as well as his law firm presumably called "James Larry Stine Attorneys at Law" as an entity. The issue is immaterial because Plaintiff has not stated a cognizable cause of action against any party.

photograph taken by co-worker Monty Wynn." (Compl. 2, ECF No. 1.) Plaintiff claims that Defendant committed fraud in violation of 18 U.S.C. § 1028. He argues that the Court has jurisdiction over the case under 28 U.S.C. § 1343.

## DISCUSSION

### I. Motion to Proceed IFP

Plaintiff moves to proceed in this action IFP. (ECF No. 2.) Title 28, United States Code Section 1915 provides that a court may authorize a person who is unable to pay court fees to proceed in his action so long as that person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (explaining that 28 U.S.C. § 1915(a)(1) "applies to all persons requesting leave to proceed IFP"). Plaintiff has established that he is indigent for the purpose of 28 U.S.C. § 1915. Therefore, his motion to proceed IFP is granted.

### II. Jurisdiction

"Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotation marks and citation omitted); *see also In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008) ("[I]t is a duty of this Court to determine whether it has jurisdiction over a particular matter, even if doing so raises the issue *sua sponte*."); *O'Brien v. ABB DE, Inc.*, 160 F. App'x 818, 819 (11th Cir. 2005) ("[A]s a federal court of limited jurisdiction, we must determine *sua sponte* whether we have jurisdiction."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question

jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).  In determining whether subject matter jurisdiction exists in a *pro se* case, the Court liberally construes the plaintiff's complaint.  *Kinsey v. King*, 257 F. App'x 136, 138 (11th Cir. 2007).  However, a "plaintiff[] must affirmatively allege facts demonstrating the existence of jurisdiction."  *Bryant v. Ally Fin.*, 452 F. App'x 908, 910 (11th Cir. 2012) (internal quotation marks and citation omitted).

Plaintiff purports to bring this action against Defendant for a violation of 18 U.S.C. § 1028.  That statute is a criminal prohibition against the possession and production of false identification documents.  The Supreme Court of the United States "has rarely implied a private right of action under a criminal statute, and where it has done so there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone."  *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (internal quotation marks omitted).  There is absolutely no basis to infer a private right of action in § 1028.  The statute prohibits the creation and use of fraudulent identification documents.  The code protects the integrity of government-issued identification documents, not, as the context of Plaintiff's Complaint implies, the person's identifying information contained in such documents.  There is no individual, therefore, for whom this statute could be read to grant a private right of action.  Thus, this purported private suit for a violation of § 1028 does not create a federal question or confer federal jurisdiction over the Complaint.

Plaintiff also asserts that "jurisdiction of this Court is predicated upon Title 28

3

U.S.C. 1343."[2] (Compl. 2.) That section grants to the district courts original jurisdiction over actions asserting civil rights violations and other violations of constitutional rights committed by persons acting under color of state law. Plaintiff has asserted no claims of civil rights violations, and as Defendant was not acting under color of state law, he is not subject to suit based on this statute. Thus, § 1343 is not a specific statutory grant of jurisdiction allowing the Court to hear Plaintiff's claim. For the Court to have jurisdiction, Plaintiff must satisfy the requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)

"A federal court has diversity jurisdiction over an action where: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the parties are citizens of different states." *Goodin v. Fidelity Nat'l Title Ins. Co.*, 491 F. App'x 139, 142 (11th Cir. 2012); *see also* 28 U.S.C. § 1332(a)(1). Plaintiff seeks damages in the

---

[2] Title 28, United States Code Section 1343 states:
> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

amount of two million dollars. (Compl. 3.) Thus, from the face of the Complaint, he has met the amount in controversy requirement. However, Plaintiff states that he and Defendant are both residents of the state of Georgia.[3] (Compl. ¶¶ 1-2.) "Citizenship is equivalent to domicile for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]" *Id.* at 1257-58 (internal quotation marks and citations omitted). It is clear from Plaintiff's own assertions that Plaintiff and Defendant are citizens of the State of Georgia. Plaintiff's Complaint lacks diversity of citizenship and this Court consequently lacks jurisdiction. Plaintiff's Complaint should therefore be dismissed without prejudice.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed IFP (ECF No. 2) is granted. Furthermore, it is recommended that Plaintiff's Complaint be dismissed for lack of jurisdiction. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 6th day of November, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[3] This determination does not change even if the Court considers "James L Stines and Attorneys at Law" as a separate defendant because Plaintiff states that the firm is an entity existing under the laws of the state of Georgia.