IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CAREY A FORTSON, | : |
| | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:14-cv-101-CDL |
| | : |
| JAMES LARRY STINE, *et al.*, | : |
| | : |
| Defendants. | : |

_____

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On November 5, 2014, Plaintiff filed this action against Defendant James Stine, an attorney, purporting to state a claim under Title 18, United States Code Section 1028 based upon actions taken in a previous case filed in this Court. (ECF No. 1.) On November 6, 2014, the Court filed an Order and Recommendation granting Plaintiff's motion to proceed *in forma pauperis* and recommending that the Complaint be dismissed for lack of subject matter jurisdiction. (ECF No. 3.) Instead of filing objections to the Recommendation, Plaintiff filed an Amended Complaint (ECF No. 4) to clarify the intended defendants and claims. Because the District Judge has not yet ruled on the original Recommendation, the Court withdraws the Recommendation as to the original Complaint and now substitutes this Supplemental Report and Recommendation. The Court finds that Plaintiff's Amended Complaint again fails to trigger the jurisdiction of this Court and it is recommended that the case be dismissed.

## BACKGROUND

Plaintiff filed his Amended Complaint on November 13, 2014, alleging "fraud and misrepresentation," against Defendants James L. Stine and Wimberly, Lawson, Steckel, Schneider, P.C. (Am. Compl. 1, ECF No. 4.) Plaintiff states that he resides in Elberton, Georgia, and lists an Atlanta, Georgia address for both Defendants. (*Id.*) He further states that this claim is "in part, an action authorized and instituted pursuant to 28 U.S.C. § 1332(a)." (*Id.* at 2.)

In his "Factual Allegations," Plaintiff states that Defendant Stine represented Plaintiff's former employer in a previous case in this Court. (*Id.*) Defendant Stine took Plaintiff's deposition for that case on December 3, 2013 and in doing so allegedly committed fraud by introducing two photographs into evidence when only one photograph had actually been taken of Plaintiff sleeping at work. (*Id.*) Defendant Stine then submitted the "fraudulent" photograph to the court on April 22, 2014 in support of his client's motion for summary judgment in that case. (*Id.* at 3.) Defendants then allegedly conspired with an employee of Plaintiff's former employer to falsely state in a declaration to the court that it was not a violation of the company's policy for the photograph to have been taken. (*Id.* at 4.) Plaintiff further argues that in taking these actions, Defendant Stine committed "fraud and intentional ethical breach."[1] (*Id.* at 5.)

Plaintiff therefore attempts to assert in his Amended Complaint a claim for fraud and misrepresentation to the Court by Defendant Stine, and by Defendant Wimberly,

---

[1] Plaintiff also argues that "Defendant Stine violate[d] the sacred principle that an attorney owes no duty to his adversary." (Am. Compl. 5.) The Court is not sure how to read this accusation as a cause of action in favor of Plaintiff.

Lawson, Steckel, Schneider, P.C. as Stine's firm, presumably through the concept of respondeat superior.

## DISCUSSION

"Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotation marks and citation omitted); *see also In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008) ("[I]t is a duty of this Court to determine whether it has jurisdiction over a particular matter, even if doing so raises the issue *sua sponte*."); *O'Brien v. ABB DE, Inc.*, 160 F. App'x 818, 819 (11th Cir. 2005) ("[A]s a federal court of limited jurisdiction, we must determine *sua sponte* whether we have jurisdiction."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). In determining whether subject matter jurisdiction exists in a *pro se* case, the Court liberally construes the plaintiff's complaint. *Kinsey v. King*, 257 F. App'x 136, 138 (11th Cir. 2007). However, a "plaintiff[] must affirmatively allege facts demonstrating the existence of jurisdiction." *Bryant v. Ally Fin.*, 452 F. App'x 908, 910 (11th Cir. 2012) (internal quotation marks and citation omitted).

Plaintiff's only attempt to plead a foundation for this Court's jurisdiction over this case is his statement that it is "authorized and instituted pursuant to 28 U.S.C. § 1332(a)." (Am. Compl. 2.) Section 1332(a) is the jurisdictional statute which grants jurisdiction to

the district courts over "diversity" cases, or civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  As the Court stated in its earlier Recommendation, diversity jurisdiction requires that the plaintiff must be a resident of a different state from all of the defendants.  (Order and Recommendation 3-5, Nov. 6, 2014, ECF No. 3.)  On the face of Plaintiff's Amended Complaint, all parties in this case are residents of the State of Georgia.  (Am. Compl. 1.)  Therefore, diversity jurisdiction does not exist here.

Plaintiff has not pled any new allegations to change the Court's prior determination that subject matter jurisdiction is lacking in this case.  (*See* Order and Recommendation 3-5, Nov. 6, 2014.)  Plaintiff has pled no more than a potential claim for fraud and misrepresentation under state law or common law concepts.  It does not raise any questions of federal law and is not specifically authorized by any statutory grant.  Therefore, the Court lacks subject matter jurisdiction to consider the case and Plaintiff's Amended Complaint should therefore be dismissed without prejudice.

## CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint be dismissed for lack of jurisdiction.  Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 17th day of November, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE